IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| SHERMAN P. HAWKINS | Cause No. CV 19-125-BLG-SPW-TJC |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |
| MONTANA DEPARTMENT OF CORRECTIONS; MONTANA BOARD OF PARDONS AND PAROLE, | |
| Respondents. | |

This case comes before the Court on state pro se parolee Sherman P. Hawkins' application for writ of habeas corpus under 28 U.S.C. § 2254.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires courts to examine the petition before ordering the respondent to file an answer or any other pleading.  The petition must be summarily dismissed "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  *Id.*  As explained herein, Hawkins' petition for habeas relief and his motion for stay/preliminary injunction should both be denied.

1

## I.      Background

Hawkins was convicted of first-degree murder in 1973 in Montana's Thirteenth Judicial District Court, Yellowstone County; he was sentenced to life in prison.  In 2005 and 2007, the Montana Board of Pardons and Parole (the Board) denied Hawkins' applications for parole.  Hawkins previously filed a federal habeas petition challenging the Board's actions.  Hawkins' petition was ultimately denied. See, *Hawkins v. State*, No. CV-08-25-RFC-CSO, Or. (D. Mont. Oct. 24, 2008).

In October of 2016, Hawkins was granted parole under the Intensive Supervision Program (ISP) to Bozeman, Montana.  The Board imposed additional conditions on Hawkins' parole, restricting him from entering Yellowstone County and from consuming alcohol.  (Doc. 1 at 2); see also, (Doc. 1-1 at 4.)

Hawkins now claims the Board violated his rights by imposing these additional conditions upon him, in part, because the conditions were not contained in the original judgment of conviction.  See, (Doc. 1 at 2.)  Hawkins asserts that he is being unlawfully excluded from his land on the Crow Indian Reservation which lies in Yellowstone County.  *Id*. at 2-3.  Hawkins contends there is no legitimate nexus to his crime which would serve to restrict him from his property within Yellowstone County.  *Id*. at 2-3; 6-9.  Hawkins also asserts because alcohol was not a factor in his crime, there is no reason for the alcohol restriction attached to his parole.  *Id*. at 3.   Finally, Hawkins claims an ex post facto violation has

occurred because a recent change in state law has prevented him from being placed on unsupervised parole.  *Id.* at 4; 10-12.

Hawkins asks this Court to order the Board to remove the Yellowstone County restriction and alcohol prohibition and prevent the imposition of the recent state law which has apparently resulted in Hawkins being denied placement on unsupervised parole.  *Id.*

Although Hawkins' claims may be barred on procedural grounds, such as the federal statute of limitations or procedural default,[1] it is clear that he is not entitled to relief on the merits of his claims.  Accordingly, it is more effective to proceed to the merits.  See e.g., 28 U.S.C. § 2244(b)(2); *Lambrix v. Singletary*, 520 U.S. 518, 524-25 (1997).

## II.     28 U.S.C. § 2254 Petition

As set forth below, Hawkins' challenge to his parole conditions and his ex post facto claim should both be denied for lack of merit.

### i.     Challenge to Parole Conditions

Hawkins asserts that the Board unlawfully imposed parole conditions which were not contained in the original judgment of conviction.  But the Montana

---

[1] For example, while Hawkins has apparently sought an appearance before the Parole Board to address these conditions, he has never presented the claim to the Montana Supreme Court.  Thus, for this Court's purposes, Hawkins' claims appear to be both unexhausted and procedurally defaulted.  See e.g., *Rose v. Lundy*, 455 U.S. 509, 522 (1982); *Coleman v. Thompson*, 501 U.S. 722, 732 (1991).

Supreme Court has held a condition on parole is different from a condition or limitation contained in a district court's sentence. *McDermott v. McDonald*, 2001 MT 89, ¶¶ 17-18, 305 Mont. 166, 24 P. 3d 200. "The Board's authority to set conditions precedent to parole is [not] necessarily limited by a court's sentencing authority." *McDermott*, ¶ 18. This is because parole "is a *grant of liberty*. A condition on parole only limits freedom to which the inmate is otherwise not entitled." *McDermott*, ¶ 17 (emphasis in original).

Furthermore, the Board has broad discretion under its statutory authority to consider all pertinent information when deciding grants of parole. Mont. Code Ann. §§ 46-23-201, 203, and 208; see also, Admin. R. Mont. § 20.25.505 (2016); *McDermot*t, ¶¶ 19-21. Hawkins was released to parole once the Board, in its discretion, determined that Hawkins could be released without detriment to himself or the community; that his release was in the best interests of society; and that he was able and willing to satisfy the obligations of a law-abiding citizen. See e.g., Section 46-23-208(1)(a), (b), (c ), MCA. Apparently, the Board's decision included a determination that Hawkins should be restricted from Yellowstone County and that he not consume alcohol. Hawkins agreed with both of these conditions. See, (Doc. 1-1 at 4, 7.)

Not only was the imposition of these conditions a proper exercise of the Board's discretion, the matter is purely one of state law. No federal law was

4

violated by the imposition of these conditions.  See e.g., *Estelle v. McGuire*, 502 U.S. 62, 67-8 (1991); *Bonin v. Calderon*, 59 F. 3d 815, 841 (9th Cir. 1995) (violation of a "state law right does not warrant habeas corpus relief"); *Lewis v. Jeffers*, 497 U.S. 764, 789 (1990) ("Federal habeas corpus relief does not lie for errors of state law"); *Peltier v. Wright*, 15 F. 3d 860, 861-2 (9th Cir. 1994) (generally federal habeas corpus relief unavailable for errors of state law).

Additionally, the State has a strong interest in imposing restrictions that will keep the public safe, and there is no federal right to be released on parole before the expiration of one's sentence.  See, *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1970); *Morrisey v. Brewer*, 408 U.S. 471, 477 (1972).  As set forth above, Hawkins agreed to the conditions imposed upon him.  Had he wished not to abide by these conditions, he could have declined parole.  Hawkins has failed to establish a federal constitutional violation.

Hawkins' claims relative to the conditions of his parole should be denied.

## ii.    Ex Post Facto Claim

Montana Code Annotated 46-23-1020(3) provides: "A sexual or violent offender who is subject to lifetime supervision by the department is not eligible for a conditional discharge from supervision."  Hawkins argues this statutory provision, enacted in 2009, should not be applied to him because it prevents him being conditionally released from supervision and offends ex post facto principles.

See, (Doc. 1 at 11-12.)

The ex post facto provisions of the Constitution "forbid the Congress and the States to enact any law which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that than prescribed." *Weaver v. Graham*, 450 U.S. 24, 28 (1981); U.S. Const., Art. I, § 9, cl. 3; Art. I, § 10, cl. 1.  The Clause is aimed at laws that retroactively alter the definition of crimes or increase the punishment for criminal acts.  *Cal. Dep't of Corr. Et al. v. Morales*, 514 U.S. 499, 504 (1995).  Where an amendment in the law does not increase the "punishment" and leaves the prisoner's sentence untouched, the Ex Post Facto Clause is not violated.  The Supreme Court explained:

> the focus of the ex post facto inquiry is not on whether a legislative change produces some ambiguous sort of 'disadvantage' nor…on whether an amendment affects a prisoner's 'opportunity to take advantage of provisions for early release,' but on whether any such change alters the definition of criminal conduct or increases the penalty by which a crime is punishable.

*Id*. at 506, n. 3.

Here, Hawkins argues the change in his ability to be on unsupervised parole, following the Montana legislature's modification to statute, violates the ex post facto clause.  But this change did not increase Hawkins punishment or prolong his incarceration.  See e.g., *Moor v. Palmer*, 603 F. 3d 658, 662 (9th Cir. 2010)(in the parole context, the ex post facto inquiry focuses on whether the amended rule

creates a significant risk of prolonging a prisoner's incarceration).  This legislative change simply resulted in Hawkins remaining under supervision while on parole. It did not increase his punishment, extend his incarceration, or otherwise affect his ability to be paroled.  This does not amount to an ex post facto violation; the claim should be denied.

### III.    Stay/Preliminary Injunction

After filing his petition, Hawkins subsequently filed a motion, essentially seeking a preliminary injunction preventing the Board from imposing the parole condition restricting Hawkins from Yellowstone County and, consequently, from his property on the Crow Indian Reservation which lies within the country.  (Doc. 5.)  Hawkins alleges his brother, Cecil Hawkins, was the driving force behind the parole restriction.  *Id*. at 2.  According to Hawkins, Cecil and others forged documents, sold property, and provided leases on land which belonged to Hawkins.  *Id*.; see also, (Doc. 1 at 6-8.)  Cecil is now deceased; thus, Hawkins asserts there is no present objection to his return to the Crow Agency.  (Doc. 5 at 2.)  Hawkins asks this Court to order a stay of the Montana Parole Board's order restricting him from Yellowstone County.  *Id.*

The basic function of a preliminary injunction is to preserve the status quo ante litem pending a determination of the action on the merits.  *Los Angeles Memorial Coliseum Com'n v. National Football League*, 634 F. 2d 1197, 1200 (9th

7

Cir. 1990). To obtain preliminary injunctive relief, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that a balance of the equities tips in favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc*., 555 U.S. 7, 20 (2008). Hawkins' motion is premised on the assumption that he will prevail in this habeas action. As explained above, however, Hawkins is mistaken. He cannot show a likelihood of success on the merits.

Moreover, the relief request by Hawkins in his motion for stay/preliminary injunction is simply not available to him in this federal habeas action. "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and…the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). In his motion, Hawkins is not seeking release from custody; rather, he is seeking a directive to the Montana Board of Pardons and Parole preventing it from enforcing one of the conditions previously imposed and to which Hawkins assented. Such a directive is not within the scope of relief available on federal habeas review. Hawkins request for a stay and/or injunctive relief should be denied.

## IV.    Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it

enters a final order adverse to the applicant."  Rule 11(a), Rules governing § 2254

Proceedings.  A COA should issue as to those claims on which a petitioner makes

a "substantial showing of the denial of a constitutional right."  28 U.S.C.

§ 2253(c)(2).  The standard is satisfied if "jurists of reason could disagree with the

district court's resolution of [the] constitutional claims" or "conclude the issues

presented are adequate to deserve encouragement to proceed further."  *Miller-El v.*

*Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484

(2000)).

Hawkins' petition should be denied because he has failed to make a

substantial showing of a denial of his constitutional rights.  Reasonable jurists

would find no basis to encourage further proceedings.  A certificate of

appealability should be denied.

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

1. Hawkins' Petition (Doc. 1) should be DENIED for lack of merit.

2. Hawkins' Motion for Preliminary Injunction (Doc. 5) should be DENIED.

3. The Clerk of Court should be directed, by separate document, to enter

judgment in favor of Respondents and against Petitioner.

4. A certificate of appealability should be DENIED.

//
//

9

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Hawkins may object to this Findings and Recommendation within 14 days. 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

Mr. Hawkins must immediately notify the Court of any change in his mailing address. Failure to do so may result in dismissal of his case without notice to him.

DATED this 6th day of January, 2020.

/s/ Timothy J. Cavan
Timothy J. Cavan
United States Magistrate Judge